### THE IOANNIS P. GOULANDRIS.

### AMERICAN TOBACCO CO., Inc., et al. v. THE IOANNIS P. GOULANDRIS et al.

District Court, S. D. New York.

June 20, 1941.

Reargument Granted Sept. 20, 1941.

Bigham, Englar, Jones & Houston, of New York City (Henry N. Longley and F. Herbert Prem, both of New York City, of counsel), for libellants.

Hatch & Wolfe, of New York City (Carver W. Wolfe, of New York City, of counsel), for the Greek Government.

Mathias F. Correa, U. S. Atty., of New York City (David McKibbin, 3rd Asst. U. S. Atty., of New York City, of counsel), for respondents.

MOSCOWITZ, District Judge.

This is a motion by the Greek Government to dismiss the libel upon the ground of sovereign immunity. The libel was filed in rem against the SS "Ioannis P. Goulandris" and in personam against Goulandris Brothers, owners of the vessel, and the General Steam Navigation Co., Ltd. of Greece. The plea of immunity relates to the SS "Ioannis P. Goulandris" and does not affect the libel in personam against Goulandris Brothers and the General Steam Navigation Co., Ltd. of Greece.

Prior to the arrival of the SS "Ioannis P. Goulandris" her cargo consisting of tobacco was damaged. Subsequent thereto and on April 10, 1941, Captain Courbellis, alleged in the papers to be the director of the Mercantile Marine Division of the Greek Consulate General, sent a cablegram to the master of the SS "Ioannis P. Goulandris" advising him that said vessel had been requisitioned by the Greek Government. Upon receipt of the cablegram the master of the vessel acquiesced in the requisition and made an appropriate entry in the vessel's log to that effect.

There has been presented to the Court through diplomatic channels a suggestion of lack of jurisdiction in the Court of the vessel "Ioannis P. Goulandris". On May 19, 1941, the Department of State of the United States sent a communication to the Attorney General which is as follows:

"Department of State
Washington
May 19, 1941
"In reply refer to
"Le 311.6854/Ioannis P. Goulandris
"My dear Mr. Attorney General:
"I transmit herewith a certified copy of a note dated May 16, 1941, with its enclosures, received from the duly accredited Envoy Extraordinary and Minister Plenipotentiary of Greece, near the Government of the United States, concerning the Greek steamer Ioannis P. Goulandris, now held in the custody of the United States Marshall for the Southern District of New York, pursuant to process issued against the vessel in an action instituted on May 15, 1941, in the United States District Court for the Southern District of New York, to recover damages to shipments of tobacco moving from Near Eastern ports to ports in the United States. He states that the action is entitled:

"The Honorable
"Robert H. Jackson,
"Attorney General.
"American Tobacco Company, Inc.
R. J. Reynolds Tobacco Co.
Liggett & Myers Tobacco Company
 against
Steamship 'IOANNIS P. GOULANDRIS,' her engines, boilers, etc.
Basil Goulandris, Nicholas Goulandris, Leonidas Goulandris
doing business as Goulandris Brothers, owners of said steamship 'Ioannis P. Goulandris' and against the General Steam Navigation Company Ltd. of Greece."

"It will be noted that the Minister states that the Greek Government has requisitioned the said steamer and encloses a photostatic copy of the order of requisition, dated April 10, 1941, which was cabled to the Master of the vessel at Bridgetown, Barbados, together with a photostatic copy of the Master's acceptance of the requisition from Barbados, also dated April 10, as well as a photostatic copy, with translation, of a letter dated May 3, 1941, addressed to the Master of the vessel, with further reference to the requisition, and a photostatic copy, with translation, of the Master's reply of the same date accepting the order contained in the letter therein acknowledged.

"The Minister states 'The Government of the Kingdom of Greece, for its public use and in the successful prosecution of the war in which the Government of Greece is now engaged, is in urgent need of this vessel for the transport of materials necessary for the prosecution of the war'.

"The Minister also states that the Greek Government desires that this action against the Steamer Ioannis P. Goulandris be vacated by the Court as soon as possible and

that the vessel be delivered to him as the accredited and recognized representative of the Government of the Kingdom of Greece, or to his duly appointed agents.

"He adds that the Ioannis P. Goulandris is engaged upon important public business for the Kingdom of Greece in time of war and that grave damage to the Greek Government will ensue should this attachment be continued and the vessel be detained.

"I shall appreciate it if at the earliest possible moment you will instruct the appropriate United States Attorney to appear in proceedings against this vessel in the United States District Court for the Southern District of New York and present to the Court the enclosed certified copy of the note of the Greek Minister, with its enclosures, without argument or comment on his part, other than to state that the statements of the Government of Greece made in its behalf by the Greek Minister at Washington are brought to the attention of the Court as a matter of comity between the Government of the United States and the Government of Greece.

"An additional copy of the Minister's note, with its enclosures, and a copy of this letter, are enclosed for your use.

"Sincerely yours,
"(signed) Cordell Hull"

The Attorney General through the United States Attorney for the Southern District of New York presented the above letter of the Department of State, dated May 19, 1941, with enclosures to the Court.

Upon the argument the Court requested the United States Attorney to communicate with the State Department and ascertain whether the State Department's action in transmitting the Greek Minister's note with its enclosures to the Court constituted an acceptance as true of the statement of facts contained therein. The Department of State under a letter dated June 6, 1941, has sent the following reply to the request of the Court:

"Department of State
Washington, D. C.
"In reply refer to
"Le 311.6854 Ioannis P. Goulandris/3
"June 6, 1941.
"My dear Mr. Attorney General:
"The receipt is acknowledged of your letter of June 4, 1941 in regard to the suit of the American Tobacco Company, et al, against the Greek steamer Ioannis P. Gou-

landris and Goulandris Brothers, in which you quote a telegram received from the United States Attorney for the Southern District of New York in which it is stated that Presiding Judge Moscowitz desires to know definitely at the earliest possible moment whether the State Department's action in transmitting the Greek Minister's note with its enclosures for presentation to the Court constituted an acceptance as true of the statements of fact contained therein.

"The Department understands that the United States Attorney for the Southern District of New York refers to the Department's letter of May 19, 1941 to you, transmitting the Greek Minister's note of May 16, 1941 with its enclosures in regard to the Greek steamship Ioannis P. Goulandris.

"While the Department of State obviously was not in a position to pass upon the accuracy of the statements contained in the Greek Minister's note, it felt that, coming as they did from the accredited representative of Greece in the United States, they were entitled to the respectful consideration of the Court.

"Sincerely yours,
"(Signed) Cordell Hull
"The Honorable
"Robert H. Jackson
"Attorney General."

It will be noted that the letter of the Department of State above quoted does not, as in the case of John J. Sullivan v. State of Sao Paulo, D.C., 36 F.Supp. 503, accept as true the statements contained in the Greek Minister's note. All that is stated is that such statements "were entitled to the respectful consideration of the Court".

The Department of State in transmitting the communications from the Greek Minister has merely acted as a conduit. The mere fact that the Department of State transmits a claim of immunity of a foreign government is not in and of itself a recognition of a plea of immunity. Had the Department of State accepted as true the statements of the Greek Minister the Court would accept such action as final and binding upon the Court and would immediately relinquish jurisdiction. The facts here, however, are quite different as has been pointed out. The State Department merely states that the claim of the Greek Minister is "entitled to the respectful consideration of the Court". It does

not appear therefore that the claim has been "recognized and allowed" by the State Department. The Navemar, 303 U.S. 68, 58 S.Ct. 432, 82 L.Ed. 667. Since it appears that the facts are in issue, a hearing should be had. See The Katingo Hadjipatera, 40 F.Supp. 546, 1941 A.M.C. 581, affirmed on opinion below, 2 Cir., April 23, 1941, 119 F.2d 1022.

Motion denied. Settle order on notice.